UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MICHAEL BEATTIE,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )      Civil Action No. 01-2493 (RWR)
                                    )
JO ANNE BARNHART, et al.,           )
                                    )
            Defendants.             )
_____    )

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Michael Beattie brought this action against the Commissioner of Social Security and five unnamed Social Security Administration employees alleging, in part, a wrongful failure to produce documents related to an inadvertent overpayment to Beattie, and wrongful termination of Beattie's social security benefits.  Beattie seeks a temporary restraining order ("TRO") to preserve the documents and provide benefits. Because Beattie has failed to demonstrate that he is likely to suffer irreparable harm without a TRO and no other factors tip the balance in favor of granting a TRO, his motion will be denied.

## BACKGROUND

The plaintiff's amended complaint seeks, among other things, documents related to a claim for underlying social security benefits that were terminated over eight years ago.  (See Pl.'s

- 2 -

Br. Supporting Mot. for TRO ("Pl.'s Br.") at 1-2.)[1]  Beattie

asserts that he has requested from the defendants documents under

the Freedom of Information Act ("FOIA") and the Privacy Act which

the defendants have failed to search for and provide to him.

(Id.)  Beattie claims that he will be unable to pursue his

benefits claim and will suffer stress if the defendants fail to

preserve his records.  (Id. at 2-3.)  He seeks a TRO that requires

the defendants to conduct an accounting and listing of the

documents, and that enjoins the defendants from destroying

documents sought and from continuing to withhold his social

security benefits.  (Pl.'s Mot. for TRO.)

## DISCUSSION

The purpose of preliminary equitable relief usually is "'to

preserve the status quo pending the outcome of litigation.'"

Cobell v. Kempthorne, 455 F.3d 301, 314 (D.C. Cir. 2006) (quoting

Dist. 50, United Mine Workers of Am. v. Int'l Union, United Mine

Workers of Am., 412 F.2d 165, 168 (D.C. Cir. 1969)).  The factors

that apply in evaluating requests for a temporary restraining

order are identical to those that apply in evaluating requests for

preliminary injunctions.  See Al-Fayed v. C.I.A., 254 F.3d 300,

303 n.2 (D.C. Cir. 2001).  To obtain preliminary injunctive

relief, the moving party must show that "he is likely to succeed

on the merits, that he is likely to suffer irreparable harm in the

---

[1]Beattie's filing was not paginated.  Pagination, therefore,
has been supplied by the Court.

absence of preliminary relief, that the balance of the equities
tips in his favor, and that an injunction is in the public
interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct.
365, 374 (2008). A court evaluates these factors on a sliding
scale. Davis v. Pension Benefit Guar. Corp., 571 F.3d 1288, 1291
(D.C. Cir. 2009). A trial court has the discretion to grant or
deny a request for a preliminary injunction, Ambach v. Bell, 686
F.2d 974, 979 (D.C. Cir. 1982), but such requests are not granted
lightly. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).
Injunctive relief "should not be granted unless the movant, by a
clear showing, carries the burden of persuasion." Id. (emphasis
in original) (quoting 11A C. Wright, A. Miller, & M. Kane, Fed.
Practice and Procedure § 2948, at 129-30 (2d ed. 1995)).

I.   IRREPARABLE HARM

     Ordinarily, a threshold requirement in granting temporary
injunctive relief is that the moving party make some showing of
irreparable harm. See CityFed Fin. Corp. v. Office of Thrift
Supervision, 58 F.3d 738, 747 (D.C. Cir. 1995). Despite the
flexibility in weighing the four factors in relation to each
other, courts normally "require the moving party to demonstrate at
least 'some injury.'" Id. (quoting Population Inst. v. McPherson,
797 F.2d 1062, 1078 (D.C. Cir. 1986)); see Sampson v. Murray, 415
U.S. 61, 88 (1974) (stating that "'[t]he basis for injunctive
relief in the federal courts has always been irreparable harm and
inadequacy of legal remedies'") (alteration in original)

(citation omitted).  If a party fails to make a sufficient showing of irreparable injury, a court may deny a motion for injunctive relief.  CityFed Fin. Corp., 58 F.3d at 747 (stating that because the moving party made no showing of irreparable injury, the district court did not abuse its discretion in denying the request for preliminary relief).

An irreparable harm is an imminent injury that is both great and certain to occur, and for which legal remedies are inadequate. Wis. Gas Co. v. F.E.R.C., 758 F.2d 669, 674 (D.C. Cir. 1985) (citing Sampson, 415 U.S. at 88).  "Bare allegations of what is likely to occur are of no value since the court must decide whether the harm will in fact occur."  Id. (emphasis in original). Thus, to satisfy this prong, the movant must prove either "that the harm has occurred in the past and is likely to occur again" or that the harm is "certain to occur in the near future."  Id. "'Injunctions . . . will not issue to prevent injuries neither extant nor presently threatened, but only merely "feared."'" Comm. in Solidarity With People of El Sal. (CISPES) v. Sessions, 929 F.2d 742, 745-46 (D.C. Cir. 1991) (alteration in original) (citation omitted).

Beattie complains that he will suffer stress unless the defendants are enjoined from destroying his records.  He cites to no authority that such stress is a harm appropriate to remedy by injunctive relief.  He also wants the defendants to conduct an accounting of documents sought in his purported FOIA and Privacy

- 5 -

Act requests and to produce a list of these documents, but he has not demonstrated how an accounting or a list of documents will prevent him from suffering imminent, irreparable harm.  In addition, he seeks to enjoin the defendants from destroying any documents within the subject matter of his requests.  Beattie, however, has not demonstrated that the defendants previously have destroyed any documents related to his pending benefits claim. Rather, he states that the relevant documents are "in the possession of both the local social security office and the regional social security office."  (Pl.'s Br. at 2.)  Similarly, Beattie has not proven that the defendants have threatened to destroy documents in the near future.  He merely alleges that "[t]here is a distinct possibility that the agency will destroy documents that are the subject of [his] request."  (Pl.'s Br. Supporting Mot. to Expedite at 2.)  These feared possibilities fall short of the imminent threat of injury required to grant a TRO.

Beattie's request to enjoin the defendants from continuing to withhold his social security benefits is equally deficient.  He has failed to demonstrate that he will suffer an imminent injury that legal remedies cannot redress if a temporary restraining order is not granted.  A TRO, ordinarily issued to preserve the status quo, is an inappropriate tool for restoring Beattie's social security benefits which were terminated by agency decision over eight years ago.

- 6 -

II.  OTHER FACTORS

A party seeking a TRO also must demonstrate that he is likely to succeed on the merits, that the balance of the equities tips in his favor and that the public interest favors granting of the TRO. See Winter, 129 S. Ct. at 374.  Assessing the likelihood of success on the merits "does not involve a final determination of the merits, but rather the exercise of sound judicial discretion on the need for interim relief."  Nat'l Org. for Women, Wash. D.C. Chapter v. Soc. Sec. Admin. of the Dep't of Health and Human Servs. et al., 736 F.2d 727, 733 (D.C. Cir. 1984) (footnote and internal quotation marks omitted).  Here, Beattie's scant brief supporting his motion for a temporary restraining order asserts that he has "obviously proven a possibility of success," but provides no support for his assertion.  (Pl.'s Br. at 3.)  Beattie largely fails to address the substance of his underlying claims, and merely makes conclusory or unsubstantiated allegations that the defendants' failure to provide him with the requested documents violated FOIA and the Privacy Act, and the defendants have denied him due process by failing to allow him to call witnesses, submit evidence, be represented by an attorney, or testify.  (Id. at 2-3.)  Furthermore, Beattie's blanket statement that he qualifies for social security benefits is not sufficient to demonstrate a likelihood of success on the merits.

Beattie also alleges that the balance of the equities tilts sharply in his favor because he is destitute and the defendant is

- 7 -

infinitely wealthy.  He claims that he has no income and little
resources and the defendant should pay him $600 per month until
the case is resolved.  (Id. at 3.)  Beattie, however, has failed
to show that any money is owed to him or that his penury should
weigh against an agency that he has not demonstrated either has
destroyed any documents or is even obligated to provide the
requested documents.  Moreover, Beattie makes no showing that
there is a strong public interest that favors reinstating by TRO
social security benefits that were terminated by agency decision,
or ordering an agency not to destroy documents it has not even
threatened to destroy.

CONCLUSION

Beattie has failed to show that he will suffer irreparable
injury if his motion for a temporary restraining order is not
granted.  Nor has he shown that other considerations warrant
issuing the relief he seeks.  Accordingly, it is hereby

ORDERED that Beattie's motion for a temporary restraining
order and expedited decision [70] be, and hereby is, DENIED.

SIGNED this 20th day of October, 2009.


                        _____/s/_____
                        RICHARD W. ROBERTS
                        United States District Judge